**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| G & G MIDWAY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SSP AMERICA, INC.,<br><br>Defendant. | Case No. 26-cv-06437<br><br>**JURY TRIAL DEMANDED** |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant SSP America, Inc., by its undersigned counsel, hereby removes *G & G Midway, LLC v. SSP America, Inc.* (Case No. 2026 CH 04728) from the Chancery Division of the Circuit Court for Cook County, Illinois (the "State Court") to the Eastern Division of the United States District Court for the Northern District of Illinois. SSP America, Inc. states the following as grounds for removal.

## I. BACKGROUND

1. On or about December 2, 2019, SSP America, Inc. ("SSP") and G & G Midway, LLC ("G&G") entered into a Brand Licensing Agreement (the "License Agreement"). (Ex. A, Complaint, ¶ 21.)

2. The License Agreement provided for the operation of a restaurant at Chicago Midway International Airport ("Midway") named Gene's Bistro. (*Id.*) The License Agreement required G&G to support the restaurant by, among other things, contributing certain branding or intellectual property. (*Id.* ¶¶ 22-23.) The License Agreement gave SSP meaningful responsibility

and authority in the operation of the restaurant. (*Id.* ¶ 31.) Gene's Bistro was opened after the execution of the License Agreement (*id.* ¶ 36) and remains in operation (*id.* ¶¶ 71-72).

3. On May 18, 2026, G&G filed a civil action against SSP in the State Court arising out of the License Agreement, which was captioned *G & G Midway, LLC v. SSP America, Inc.* and was assigned Case No. 2026 CH 04728 (the "State Court Action").

4. In the State Court Action, G&G has asserted claims for breach of contract, specific performance, unjust enrichment, fraudulent misrepresentation, fraudulent inducement, fraud by omission, and conversion as well as claims under the Defend Trade Secrets Act, the Illinois Trade Secret Act, and the Lanham Act.

## II. PROCEDURAL REQUIREMENTS

5. Authority to Remove. As the sole defendant named in the State Court Action, SSP has authority to remove the action. *See* 28 U.S.C. § 1441(a).

6. Venue. The State Court Action is removable to this Court because the State Court is located within the Eastern Division of the United States District Court for the Northern District of Illinois. *See* 28 U.S.C. §§ 1441(a), 1446(a).

7. Timeliness. This Notice of Removal is filed less than 30 days after G&G filed the State Court Action. *See* 28 U.S.C. § 1446(b)(1).

8. The State Court File. True and correct copies of all processes, pleadings, orders, and filings in the State Court Action that have been served on or otherwise obtained by SSP are attached as Exhibits A to I.[1] *See* 28 U.S.C. § 1446(a). A redacted version of the complaint filed in the State Court Action is included as Exhibit A-2 and an unredacted version of the complaint has been filed provisionally under seal as Exhibit A-1.

[1] Because SSP has not been served with Exhibits A through C to the complaint filed in the State Court Action, those documents are not included in the exhibits attached to this Notice of Removal.

9. Written Notice of Removal. After filing this Notice of Removal, SSP will promptly serve written notice thereof on counsel for G&G and will promptly file a copy of the notice with the State Court. *See* 28 U.S.C. § 1446(d).

## III. JURISDICTION

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 1332, and 1376.

### A. The Court Has Diversity Jurisdiction over the Claims Asserted in G&G's Complaint.

11. 28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction over civil actions between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs.

#### i. The Amount in Controversy Exceeds the Jurisdictional Threshold.

12. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

13. G&G seeks an award of monetary and non-monetary relief in the complaint.

14. ***First,*** G&G seeks an award of damages based on an Upfront Fee under the License Agreement. (Ex. A, Complaint p. 26.) G&G alleges that the amount of the fee was $50,000. (*Id.* ¶ 26.) And G&G alleges that SSP "has not paid the Upfront Fee." (*Id.* ¶¶ 73, 118.)

15. ***Second,*** G&G seeks an award of damages based on the Licensing Fees under the License Agreement, which G&G describes as a fee equal to five percent of net revenues generated by Gene's Bistro. (*Id.* ¶ 27 & p. 26.) The complaint describes Gene's Bistro as a restaurant providing food and beverage offerings at Midway in a "premium location" with "brand name

recognition." (*Id.* ¶¶ 36-38, 41.) G&G alleges on information and belief that SSP has not paid an unspecified portion of the Licensing Fees generated at the restaurant. (*Id.* ¶ 74.)

16. ***Third,*** G&G seeks an order compelling specific performance of the License Agreement (*id.* ¶ 158) along with an order enjoining and restraining SSP from using G&G's purported intellectual property and confidential information (*id.* at p. 26). The License Agreement is a significant contract that governs the operation of a restaurant at Midway. (*Id.* ¶¶ 20-35.) The continued use of intellectual property under the License Agreement is material to the operation of the restaurant, which remains open at this time. (*Id.* ¶¶ 71-72.) The orders sought by G&G thus would have meaningful economic consequences.

17. ***Fourth,*** G&G seeks an award of punitive damages as well as attorneys' fees and costs. (*Id.* at pp. 15, 16, 17, 19-25.)

18. Although SSP believes that G&G's claims are without merit and that G&G is not entitled to any relief, it is apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ii. There Is Complete Diversity of Citizenship.**

19. SSP is deemed under 28 U.S.C. § 1332(a)(1) to be a citizen of the State of California and the State of Virginia because SSP is incorporated in the former and has its principal place of business in the latter.

20. Michelle Durpetti organized (Ex. A, Complaint, ¶ 18) and is a managing member of G&G. Upon information and belief, Michelle ("Michelle") Durpetti is the sole member of G&G or is one of two members of G&G along with Anthony ("Anthony") Durpetti. Michelle and Anthony are both residents of Illinois. G&G thus is deemed under 28 U.S.C. § 1332(a)(1) to be a citizen of the State of Illinois.

21. Because SSP and G&G are citizens of different states, there is complete diversity of citizenship between the parties.

**B. The Court Also Has Federal Question and Supplemental Jurisdiction over Claims Asserted in G&G's Complaint.**

22. In addition to having diversity jurisdiction over this action, this Court also has subject jurisdiction pursuant to 28 U.S.C. §§ 1331 1332, and 1376.

23. Under Section 1331, the Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treatises of the United States. 28 U.S.C. § 1331.

24. Counts 7, 9, and 10 of the complaint assert claims under two federal statutes, the Defend Trade Secrets Act and the Lanham Act arising out of the operation of Gene's Bistro. *See Gelab Cosmetics LLC v. Zhuhai Aobo Cosmetics Co.*, 99 F.4th 424, 429-32 (7th Cir. 2024) (recognizing the DTSA as a source of federal question jurisdiction); *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009) ("[The complaint's] Lanham Act claim furnished a secure basis for federal jurisdiction.").

25. Under 28 U.S.C. § 1367, in any civil action in which a court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

26. Claims are part of the "same case or controversy" when they derive from a "common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

27. The eight state law claims alleged in Counts 1 to 6, 8, and 11 of the complaint relate to and arise out of alleged dealings between SSP and G&G concerning the development or operation of Gene's Bistro under the License Agreement.

28. Accordingly, the Court has federal question or supplemental jurisdiction over claims asserted in the complaint.

## IV. NON-WAIVER

29. By removing this action from the State Court, SSP does not waive any defenses available to it and does not admit to any of the allegations in the complaint.

## V. JURY DEMAND

30. SSP America, Inc. demands a trial by jury on all issues so triable.

## VI. CONCLUSION

WHEREFORE, SSP America, Inc. removes *G & G Midway, LLC v. SSP America, Inc.* (Case No. 2026 CH 04728) from the Chancery Division of the Circuit Court for Cook County, Illinois to the Eastern Division of the United States District Court for the Northern District of Illinois.

Dated: June 1, 2026

Respectfully submitted:

By: /s/ *Gregory J. Scandaglia*

Gregory J. Scandaglia
Joseph R. Swee
PORTER WRIGHT MORRIS & ARTHUR LLP
321 North Clark Street, Suite 400
Chicago, IL 60654
Phone: 312-756-8500
Email: gscandaglia@porterwright.com
jswee@porterwright.com

*Attorneys for SSP America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 1, 2026, I caused the foregoing **Notice of Removal** to be served through U.S. Mail as follows.

Ronald D. Menna, Jr.
Gilberto Gonzalez
RATHJE WOODWARD LLC
300 E. Roosevelt Rd., Suite 220
Wheaton, IL 60187
Phone: (630) 668-8500
Email: menna@rathjelaw.com
fexhibggonzalez@rathjelaw.com

*Attorneys for G & G Midway, LLC*

/s/ *Gregory J. Scandaglia*
Gregory J. Scandaglia
*Attorney for SSP America, Inc.*