# EXHIBIT A-2

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

Hearing Date: 7/27/2026 9:45 AM
Location: Court Room 2405
Judge: Reilly, Eve M

12-Person Jury

ATTY. NO. 11241

FILED
5/18/2026 9:11 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH04728
Calendar, 7
38123747

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

G & G MIDWAY, LLC,

Plaintiff,

v.

SSP AMERICA, INC.,

Defendant.

**JURY TRIAL DEMANDED**

Case No.: 2026CH04728

**COMPLAINT FOR ACCOUNTING AND OTHER RELIEF**

Plaintiff, G & G Midway, LLC ("Plaintiff" or "G & G Midway"), for its Complaint against Defendant, SSP America, Inc. ("Defendant" or "SSP America"), alleges as follows:

**INTRODUCTION**

1. Gene & Georgetti is a family-owned restaurant located in Chicago, IL. It was founded in 1941 by Gene Michelotti and his partner Alfredo Federighi.

2. Located in the heart of River North, Gene & Georgetti is Chicago's oldest and one of its finest steakhouses. For over eight decades, Gene & Georgetti has served authentic Italian pastas and prime steaks while also maintaining top-level customer service.

3. Legends like Frank Sinatra, Bob Hope, and Lucille Ball, as well as modern-day celebrities such as Russell Crowe, Keanu Reeves, and Will Ferrell, along with international, national, and local politicians, have helped make Gene & Georgetti a classic old-time Chicago place to dine.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

4. It goes without saying that Gene & Georgetti has a well-established, proven reputation for excellence that continues today.

5. Defendant capitalized on Gene & Georgetti's established reputation for its own financial benefit, with empty promises of a long-term partnership with Plaintiff.

## THE PARTIES

6. Plaintiff G & G Midway is an Illinois limited liability company with its principal place of business at 500 N. Franklin Street, Chicago, Illinois 60610.

7. Defendant SSP America, Inc. is a California corporation with its principal place of business located at 20408 Bashan Drive, Suite 300, Ashburn, Virginia 20147.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 735 ILCS 5/2-209(a)(1) and (7), and 2-209(c) because Defendant transacts and does business in Illinois, and this case involves contracts and conduct substantially connected to Illinois.

9. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101(2) because the transactions out of which the causes of action in this case arose occurred, in part, in Cook County.

## FACTUAL ALLEGATIONS

***Defendants Capitalized on Gene & Georgetti's Reputation to Gain a Restaurant Concession at Midway Airport.***

10. Defendant SSP America is a multimillion-dollar company which operates restaurants at more than 50 airports across multiple cities and countries.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

11. Upon information and belief, Defendant's business practice involves partnering with established and renowned local restaurants in the particular city in which it wishes to operate its airport restaurant locations.

12. Sometime in 2019, Defendant SSP America was eyeing the Chicago market as it was trying to win a restaurant concession at Midway Airport.

13. As with many other major hubs, Midway Airport aims to incorporate local, diverse, and small business owners into its premises.

14. Seeking to capitalize on Gene & Georgetti's reputation, goodwill, and established customer base, Defendant reached out to Gene & Georgetti.

15. Defendant knew that partnering with Gene & Georgetti would greatly increase its chances of winning the restaurant concession at Midway Airport, as Gene & Georgetti is a woman-owned, woman-managed, and famous local restaurant in Chicago.

16. To secure the partnership, in or before December 2019, Defendant, by and through its officers, including Patrick Carrol, stated and assured a long-term business relationship that would help expand the Gene & Georgetti brand to national and international travelers at Midway Airport.

17. Persuaded and believing Defendant's representations, Gene & Georgetti decided to partner with Defendant.

18. To that end, Michelle N. Durpetti (one of Gene & Georgetti's owners and managers) organized Plaintiff G & G Midway to facilitate the newly formed partnership with Defendant.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

19. The brand name of Gene & Georgetti carried its weight as the Defendant was able to win the airport concession at Midway.

***Defendant induced Plaintiff to Enter Into a Licensing Agreement with Empty Promises of a Long-Term Business Relationship.***

20. Right before formalizing the partnership, Defendant, by and through its officers, including Patrick Carroll, repeatedly stated and assured Plaintiff that it was looking to form a long-standing relationship with Plaintiff and Gene & Georgetti, spanning over several years, if not decades.

21. [redacted]

22. [redacted]

23. [redacted]

24. [redacted]

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

25. [redacted]

26. [redacted]

27. [redacted]

28. [redacted]

29. [redacted]

30. [redacted]

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

[redacted]

31. [redacted]

32. [redacted]

33. [redacted]

34. [redacted]

35. Finally, Defendant promised to adhere to the high-quality and branding standards set forth by Plaintiff.

***Plaintiff Assisted Defendant in Opening Gene's Bistro, Defendant Entices Plaintiff to Waive Licensing Fees and Terminates the Agreement Thereafter.***

36. After the execution of the Agreement, Plaintiff, through its representatives, assisted Defendant in opening Gene's Bistro.

37. Plaintiff utilized its proven expertise by counseling Defendant on brand identity and concept development for Gene's Bistro to maximize profits and advisory input on the Core Menu, Chicago dining culture, and other factors that make a restaurant not only profitable but also loved by customers, as is Gene & Georgetti.

38. After several months of Plaintiff's time and counseling, Gene's Bistro opened in Midway Airport.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

39. From day one, Gene's Bistro was an instant attraction in Midway as travelers recognizing the brand name Gene & Georgetti were eager to dine at Gene's Bistro.

40. But soon after Defendant had secured the menus, brand name, and expertise from Plaintiff, Defendant's demeanor towards Plaintiff and Gene & Georgetti changed.

41. Notwithstanding the premium location and brand name recognition, during the first year of its opening, Defendant represented that it was struggling financially due to COVID-19 and was not able to pay the fees under the Agreement, and accordingly asked Plaintiff to halve the Upfront Fee and abate the Licensing Fees for one year.

42. Defendant's officer Patrick Carrol advised Plaintiff that without the abatements, Defendant could not afford to open the restaurant.

43. Defendant's officer Patrick Carrol also told Plaintiff that it should grant the abatements because Defendant and Plaintiff were in a long-standing relationship and that Defendant would pay all fees under the Agreement in the future.

44. Relying on the foregoing representations, and in an effort to be a good business partner, Plaintiff agreed to modify the terms of the Agreement.

45. [redacted]

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

46. [redacted]

47. Nevertheless, by January 2021, Defendant once again asked for another abatement as it represented continuous financial struggles even though by that time, the peak of the COVID-19 pandemic was over.

48. Defendant's officer Patrick Carrol once again told Plaintiff that it should grant the abatements as they were in a long-standing relationship and that all abated fees will be paid in the future.

49. [redacted]

50. In other words, for over a year, Defendants were allowed to used Plaintiff's licenses, expertise, assistance, and name recognition without providing anything in return.

51. Defendant stated that it would pay all fees under the Agreement after the Abated Period.

52. The Agreement, the Letter Agreement, and the Amended Letter Agreement each contained an implied covenant of good faith and fair dealing

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

requiring Defendant not to take advantage of Plaintiff in a way that could not have been contemplated at the time each contract was drafted.

53. Nevertheless, Defendant did not pay all fees under the Agreement after the Abated Period.

54. Furthermore, Defendant failed to be transparent with Plaintiff as it failed to provide financial information regarding its revenue notwithstanding Plaintiff's repeated requests.

55. Plaintiff received little to no communication or engagement from Defendants every time Plaintiff asked for financial information regarding Gene Bistro's revenue.

56. As a consequence, Plaintiff was unable to confirm the accuracy of the few, unverified payments Defendant made under the Agreement.

57. Adding to it, Defendant deviated significantly from the Core Menu, which resulted in dishes and recipes of a lower quality being sold at Gene's Bistro.

58. When Plaintiff raised its concerns about the deviation from the Core Menu, Plaintiff was met with Defendant's resistance, and even threats of terminating the partnership.

59. Simply put, after successfully enticing Plaintiff to sign the Amended Letter Agreement and to the extension in paying the fees, Defendant refused Plaintiff's requests regarding Gene Bistro's operations, refused to collaborate with Plaintiff, and failed to provide revenue information from Gene Bistro.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

60. Then, within a few years after the execution of the Amended Letter Agreement, Defendant, without advance notice, decided to terminate the Agreement altogether.

61. On October 21, 2025, Defendant sent a letter to Plaintiff (the "Termination Notice"). In that Notice, Defendant informed Plaintiff that it was unilaterally terminating the Agreement because, according to Defendant, Gene's Bistro will "permanently close" within ninety (90) days and the Agreement shall terminate upon such closure. A true, accurate, and complete copy of the Termination Notice is attached hereto as **Exhibit D**, and is incorporated herein by reference.

62. Defendant did not give a reason for the alleged closing of the restaurant.

63. Still, Plaintiff believed in Defendant's representations that Gene's Bistro would close within ninety (90) days after the Termination Notice.

64. However, Defendant's statement that Gene's Bistro will "permanently close" was a misrepresentation of fact.

***Defendant Terminated the Agreement to Pursue a New, More Lucrative Business Partnership—Gambling.***

65. Unbeknownst to Plaintiff, Defendant and Bally's Chicago ("Bally's") were engaging in negotiations before Defendant terminated the Agreement.

66. Bally's was pursuing the installation of slot machines at Midway Airport and needed a space to install those machines.

67. Upon information and belief, in exchange for promises of lucrative payments from Bally's, Defendant agreed to use its space at Gene's Bistro to operate

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

a sports-themed restaurant and bar, which would eventually include slot gambling machines known as video lottery terminals.

68. Tempted with promises of higher payoff generated in the gambling industry, Defendant decided to throw away the work and investment Plaintiff had put into Gene's Bistro, as well as its promises of a long-term relationship with Plaintiff, and walked away from the Agreement.

69. Accordingly, Defendant falsely represented to Plaintiff that Gene's Bistro will "permanently close" and pretextually raised Section 9.5 to terminate the Agreement.

70. The actual reason for the termination (to pursue a more lucrative business) violated Defendant's duty of good faith and fair dealing to perform fully under the Agreement.

71. To date, more than ninety (90) days have passed since Defendant served the Termination Notice to Plaintiff, and Defendant continues to operate the restaurant under the name of Gene's Bistro while also using Gene & Georgetti's trademarks and its name recognition.

72. Indeed, the Midway Airport website states that Gene's Bistro continues to operate as it did on its first day.[1]

[1] https://www.midwaypartnership.com/businesses/genes-bistro/ (*last visited May 15, 2026*).

FILED DATE: 5/18/2026 9:11 AM 2026CH04728




73. Nevertheless, Defendant has not paid the Upfront Fee or the full Licensing Fees after the Abated Period.

74. Furthermore, upon information and belief, Defendant has not paid the full Licensing Fees, as Defendant has never provided complete annual sales reports and accounting records to ascertain the accuracy of the fees.

75. Lastly, due to Defendant's refusal to take Plaintiff's feedback for improvement, such as the Core Menu, Gene's Bistro has underperformed operationally. In fact, Defendant has failed to serve the Core Menu at all.

76. The Google reviews of Gene's Bistro show Defendant's lack of culinary care and customer service as Gene's Bistro has a combined review of only 1.7 stars. A small sample of the multiple negative reviews include: "This place is a joke," "Needs to be replaced with a better restaurant and customer service," "Absolutely the worst service I've ever experienced," "Never got my order taken, even asking for the server multiple times," "I've never been verbally berated by a server quite like today," and "Got severe food poisoning from here."

FILED DATE: 5/18/2026 9:11 AM 2026CH04728




77. Gene’s Bistro's reviews on Yelp are likewise negative. It currently has a mere 2-star review with similar negative comments from paying customers as those posted in Google Reviews.




78. To summarize, Defendant used Plaintiff solely to obtain the concession at Midway, failed to pay fees under the Agreement, and continues to use Plaintiff’s trademarks and trade secrets.

79. As a result of Defendant’s actions and misrepresentations, Plaintiff has been severely damaged.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

## COUNT I
## Breach of Contract

80. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

81. The Agreement between Plaintiff and Defendant, as modified by the Letter Agreement, constitutes a valid contract entered into by both Parties.

82. Plaintiff performed all conditions precedent required by the Agreement, including, but not limited to, allowing trademarks, names, products, etc., to be used by Defendant and assisting Defendant in opening Gene's Bistro.

83. Plaintiff timely requested audited financial statements for Gene's Bistro's fiscal years 2024 and 2025.

84. Defendant breached the Agreement in several ways, including, but not limited to:

a. failing to pay the full Upfront Fee after the Abated Period;

b. failing to pay the Licensing Fees in full after the Abated Period;

c. failing to provide full annual sales reports;

d. failing to keep and provide full financial records for audit;

e. failing to keep and provide financial account records prepared by an independent accounting firm as requested by Plaintiff;

f. failing to adhere to the Core Menu;

g. failing to adhere to Gene & Georgetti's standard of operation and maintenance; and

h. terminating the Agreement while also continuing to operate the restaurant under the name of Gene's Bistro; and

i. Breaching the covenant of good faith and fair dealing.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

85. As a direct result of Defendant's breaches of the Agreement, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count I; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) provide Plaintiff with a full accounting; (4) award Plaintiff its reasonable attorneys' fees, costs and expenses; and (5) award Plaintiff any other such relief as this Court deems just and necessary.

**COUNT II**
**Unjust Enrichment (in the alternative to Count I)**

86. Defendant received a benefit from Plaintiff by utilizing the Gene & Georgetti brand name to obtain the concession at Midway, utilizing Plaintiff's trademarks, brand names, menus, and products, and using Plaintiff's time and expertise in opening Gene's Bistro.

87. The foregoing constituted a benefit that Defendant received from Plaintiff.

88. [redacted]

89. To date, Defendant continues to retain the benefits as Gene's Bistro continues to operate and use Plaintiff's trademarks and brand names.

90. However, Defendant has yet to fully pay what it is obligated to Plaintiff under its promises.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

91. Under the circumstances, Defendant's retention of the benefits violates fundamental principles of justice, equity, and good conscience.

92. It would be an injustice to allow Defendant to retain the benefits received from Plaintiff without fully paying what it promised to pay.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count II; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) award Plaintiff its reasonable attorneys' fees, costs and expenses; (4) imposed punitive damages against Defendant; and (5) award Plaintiff any other such relief as this Court deems just and necessary.

**COUNT III**
**Fraudulent Misrepresentation**

93. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

94. Defendant made several statements of fact, including that it was looking to form a long-term business relationship to incentivize Plaintiff to enter into the Agreement, that it will fully pay the Upfront Fee and Licensing Fees to incentivize Plaintiff to enter into the Letter Agreement, and that it would permanently close Gene's Bistro on December 2, 2025.

95. Defendant's statement that Gene's Bistro would close effective December 2, 2025, constituted a false statement of fact as Gene's Bistro continues to operate.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

96. Defendant's statements that it wanted to form a long-term business relationship with Plaintiff, that it will pay the Upfront Fee and the Licensing Fees constituted an elaborate artifice of fraud as it encompasses a large pattern of deceptions.

97. Plaintiff reasonably believed all of the foregoing false statements of Defendant.

98. Defendant knew that all of the foregoing statements were false as it, in fact, failed to honor the business relationship with Plaintiff, continues to operate Gene's Bistro, and has not paid the halved Upfront Fee, the abated Licensing Fees, and all other fees under the Agreement.

99. Defendant's false statements were made to induce Plaintiff to enter into the Agreement, execute the Letter Agreement, and to allow Defendant to continue to operate Gene's Bistro without paying all fees pursuant to the Agreement.

100. Plaintiff justifiably relied on those false statements for it allowed Defendant to continue to operate Gene's Bistro.

101. As a result of Plaintiff's reliance, it suffered damages.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count III; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) award Plaintiff its reasonable attorneys' fees, costs and expenses; (4) imposed punitive damages against Defendant; and (5) award Plaintiff any other such relief as this Court deems just and necessary.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

**COUNT IV**
**Fraudulent Inducement**

102. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

103. Defendant made several statements of fact, including that it was looking to form a long-term business relationship to incentivize Plaintiff to enter into the Agreement.

104. Defendant also falsely stated that it will fully pay the Upfront Fee and the Licensing Fees to incentivize Plaintiff to enter into the Agreement.

105. Lastly, Defendant falsely stated that it will permanently close Gene's Bistro.

106. Defendant's statement that Gene's Bistro would close effective December 2, 2025, constituted a false statement of fact as Gene's Bistro continues to operate.

107. Defendant's statements that it wanted to form a long-term business relationship with Plaintiff, that it will pay the Upfront Fee and Licensing Fees constituted a scheme employed by Defendant to accomplish fraud and cheat Plaintiff of his monetary and intellectual property.

108. Defendant knew that all of the foregoing statements were false when made, as Defendant, in fact, failed to honor the business relationship with Plaintiff, continues to operate Gene's Bistro, and has not paid the full Upfront Fee and Licensing Fees under the Agreement.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

109. Defendant's false statement was made to induce Plaintiff to act and execute the Agreement, Letter Agreement, and allow Defendant to continue to operate Gene's Bistro without paying all fees pursuant to the Agreement.

110. Plaintiff reasonably executed the Agreement, the Letter Agreement, and allowed Defendant to operate Gene's Bistro in justifiable reliance on the trust of those statements.

111. As a result of Plaintiff's reliance, it suffered damages.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count IV; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) award Plaintiff its reasonable attorneys' fees, costs and expenses; (4) imposed punitive damages against Defendant; and (5) award Plaintiff any other such relief as this Court deems just and necessary.

**COUNT V**
**Fraud by Omission**

112. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

113. Defendant concealed several statements of fact, including that it was only looking to partner with Plaintiff short-term for the sole purpose of getting the airport concession at Midway, that it never intended to pay the full Upfront Fee and Licensing Fees after the Abated Period, and that it intended to continue operating Gene's Bistro more than 90 days after the Termination Notice.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

114. The foregoing concealment of facts was done with the intention to deceive Plaintiff.

115. However, Plaintiff was unaware of the foregoing concealed facts.

116. Had Plaintiff known about those concealed facts, Plaintiff would have acted differently. For example, Plaintiff would not have executed the Agreement or the Letter Agreement and would have demanded prompt payment of the full Upfront Fee and the abated Licensing Fees.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count V; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) award Plaintiff its reasonable attorneys' fees, costs and expenses; (4) imposed punitive damages against Defendant; and (5) award Plaintiff any other such relief as this Court deems just and necessary.

## **COUNT VI**
## **Conversion**

117. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

118. To date, Defendant has not paid the Upfront Fee, the abated Licensing Fees, and the other full fees under the Agreement.

119. Pursuant to the Agreement, all of the fees Defendant owes to Plaintiff are capable of being described, identified, or segregated in a specific manner.

120. Such retention of Plaintiff's monies constitutes an unauthorized and wrongful assumption of control over Plaintiff's property by Defendant.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

121. Pursuant to the Agreement, Plaintiff has the right and immediate possession of that property.

122. Notwithstanding Plaintiff's repeated demand for possession, Defendant continues to assume control of Plaintiff's monetary property.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count VI; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) award Plaintiff its reasonable attorneys' fees, costs and expenses; and (4) award Plaintiff any other such relief as this Court deems just and necessary.

**COUNT VII**
**Violations of the Defend Trade Secrets Act, 18 U.S.C.A. § 1836, *et seq.***

123. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

124. Pursuant to the Agreement, Defendant obtained several trade secrets from Plaintiff, including, but not limited to, Gene & Georgetti's confidential recipes, marketing, customer lists, menu items, and other secret business information that derives economic value to Plaintiff and that is not generally known to the public.

125. After Defendant unlawfully terminated the Agreement, Defendant was no longer permitted to use Plaintiff's trade secrets.

126. However, Defendant continues to use Plaintiff's trade secrets.

127. Defendant continues to unlawfully derive great economic value from Plaintiff's trade secrets.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

128. As a result of Defendant's unlawful misappropriation of Plaintiff's trade secrets, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count VII; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) award Plaintiff its reasonable attorneys' fees, costs and expenses; and (4) award Plaintiff any other such relief as this Court deems just and necessary.

## COUNT VIII
## Violations of the Illinois Trade Secret Act, *765 ILCS 1065/1, et seq.*

129. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

130. Pursuant to the Agreement, Defendant obtained several trade secrets from Plaintiff, including, but not limited to, Gene & Georgetti's confidential recipes, marketing, customer lists, menu items, and other secret business information that derives economic value to Plaintiff and that is not generally known to the public.

131. After Defendant unlawfully terminated the Agreement, Defendant was no longer permitted to use Plaintiff's trade secrets.

132. However, Defendant continues to use Plaintiff's trade secrets.

133. Defendant continues to unlawfully derive great economic value from Plaintiff's trade secrets.

134. As a result of Defendant's unlawful misappropriation of Plaintiff's trade secrets, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count VII; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) award Plaintiff its reasonable attorneys' fees, costs and expenses; and (4) award Plaintiff any other such relief as this Court deems just and necessary.

**COUNT IX**
**Violations of the Lanham Act, 15 U.S.C. §§1051, *et seq.***
**("likelihood of confusion")**

135. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

136. Pursuant to the Agreement, Defendant was allowed to use Plaintiff's trademarks, including, but not limited to, Gene & Georgetti and/or Gene's Bistro logo, likeness, and slogan.

137. Plaintiff's trademarks are protected.

138. After Defendant unlawfully terminated the Agreement, Defendant was no longer permitted to use Plaintiff's trademarks.

139. However, Defendant continues to use Plaintiff's trademarks as Defendant continues to operate the restaurant called "Gene's Bistro," serving the same menu, and utilizing the same logos and products.

140. Defendant's continued and unlawful use of Plaintiff's trademarks is intended to palm off its product as that of the plaintiff

141. Moreover, customers at Midway Airport are likely to confuse Defendant's products with Plaintiff's as both are identical.

142. As a result of Defendant's infringement upon Plaintiff's trademarks, Plaintiff has suffered damages.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count IX; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) award Plaintiff its reasonable attorneys' fees, costs and expenses; and (4) award Plaintiff any other such relief as this Court deems just and necessary.

**COUNT X**
**Violations of the Lanham Act, 15 U.S.C. §§1051, *et seq.***
**("false advertising")**

143. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

144. Pursuant to the Agreement, Defendant was allowed to use Plaintiff's trademarks, including, but not limited to, Gene & Georgetti and/or Gene's Bistro logo, likeness, and slogan.

145. After Defendant unlawfully terminated the Agreement, Defendant was no longer permitted to use Plaintiff's trademarks.

146. However, Defendant continues to use Plaintiff's trademarks as Defendant continues to operate the restaurant called "Gene's Bistro," serving the same menu, and utilizing the same logos and products.

147. Defendant's continued use of Plaintiff's trademarks constitutes a false statement as it represents and advertises to the public that the trademark "Gene's Bistro", as well as the menu and logos, belong to Defendant.

148. The foregoing statement and advertisement have deceived customers at Midway Airport as they believed that Defendants own those trademarks.

149. Defendant caused the advertisement to enter interstate commerce.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

150. Moreover, Defendant's calculated deceit was perpetuated to influence customers' purchasing decisions to its advantage by capitalizing on the name "Gene's Bistro" and its association with Gene & Georgetti to generate more sales.

151. However, Defendant has proved that it is incapable of truly matching the legacy of Plaintiff's culinary excellence and customer service, as Defendant's online reviews show a high level of customer dissatisfaction with both food and service.

152. As a result of Defendant's infringement upon Plaintiff's trademarks, Plaintiff has been greatly damaged.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests that this Court: (1) enter judgment in favor of it and against Defendant, SSP America, Inc. on Count VII; (2) award Plaintiff damages in excess of $50,000, as proven at trial; (3) award Plaintiff its reasonable attorneys' fees, costs and expenses; and (4) award Plaintiff any other such relief as this Court deems just and necessary.

**COUNT XI**
**Specific Performance**

153. Plaintiff reallege and incorporate herein as if set forth in full paragraphs 1 through 79 above.

154. The Agreement constitutes a valid and binding contract between Plaintiff and Defendant.

155. The Agreement provides Plaintiff the right to seek specific performance for the provisions of the Agreement.

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

156. Plaintiff has performed all material obligations required under the Agreement.

157. Defendant has breached material terms of the Agreement.

158. Plaintiff seeks specific performance of the Contract.

**WHEREFORE**, Plaintiff G & G Midway, LLC respectfully requests the following relief:

A. Entry of an order enjoining and restraining Defendants from using Plaintiff's trademarks, intellectual property, trade secrets and other confidential information received by Defendant;

B. Entry of an order requiring Defendants to pay all fees pursuant to the Agreement; and

C. Awarding Plaintiff any other such relief as this Court deems just and necessary.

Dated: May 15, 2026

Respectfully submitted,
**G & G MIDWAY, LLC.**

By: */s/ Ronald D. Menna, Jr.*

Ronald D. Menna, Jr. Menna@rathjelaw.com
Gilberto Gonzalez GGonzalez@rathjelaw.com
**RATHJE WOODWARD LLC**
Suite 220
300 E. Roosevelt Road
Wheaton, IL 60187
630-668-8500
*Attorneys for Plaintiff*

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

**ATTY. NO. 11241**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| G & G MIDWAY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SSP AMERICAN, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | Case No.: |

**SUPREME COURT RULE 222 AFFIDAVIT OF DAMAGES**

Pursuant to Illinois Supreme Court Rule 222(b), the undersigned counsel for Plaintiff certifies that Plaintiff seeks monetary damages in excess of Fifty Thousand Dollars ($50,000.00) in this action.

Dated: May 15, 2026

Respectfully submitted,

s/ *Ronald D. Menna, Jr.*

Ronald D. Menna, Jr. Menna@rathjelaw.com
Gilberto Gonzalez GGonzalez@rathjelaw.com
**RATHJE WOODWARD LLC**
Suite 220
300 E. Roosevelt Road
Wheaton, IL 60187
630-668-8500
*Attorneys for Plaintiff*

FILED DATE: 5/18/2026 9:11 AM 2026CH04728

20408 Bashan Dr., Suite 300, Ashburn, VA 20147, USA
**T** +1 703 729 2333 **F** +1 703 729 4414 **www**.foodtravelexperts.com

SSP America
The Food Travel Experts

**October 21, 2025**

***Via Overnight Delivery and Email***

G & G Midway, LLC
500 N. Franklin Street
Chicago, IL 60654
Attn: Tony Durpetti, Manager

**Re:** Notice of Restaurant Closure and Agreement Termination - Brand License Agreement for Gene's Bistro at Chicago Midway International Airport

Dear Mr. Durpetti:

This letter serves as formal notice that SSP America, Inc. ("**SSP**") is exercising its right under Section 9.5 of the Brand License Agreement effective as of December 2, 2019, as amended ("**Agreement**") to permanently close the restaurant located at Chicago Midway International Airport operating under the name Gene's Bistro ("**Restaurant**").

Pursuant to Section 9.5 of the Agreement, SSP hereby provides you with ninety (90) days' prior written notice that the Restaurant will permanently close. As provided in Section 9.5, this Agreement shall immediately terminate upon such closure.

Please let me know if you have any questions.

Respectfully,
SSP America, Inc.

Patrick Teague

Patrick Teague
VP, Associate General Counsel

***SSP*** *delivers the best food & beverage experiences in travel through insight, expertise and operational excellence*